(58 South. 873.)

No. 19,328.

Succession of BALOVICH.

(May 6, 1912. Rehearing Denied June 19, 1912.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS (§ 340*) —SALE OF PROPERTY UNDER ORDER OF COURT—PROCEEDINGS TO PROCURE ORDER..

It is sufficient for an executrix to swear to the correctness of an account presented by her, showing debts due by the succession and the necessity to sell property, and she need not appear in court to swear to her account and be cross-examined with reference thereto. Her affidavit is such prima facie proof of the debts and the necessity of selling the property as to authorize the judge of the lower court to make the necessary order, which will not be set aside unless there has been error.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1425–1433; Dec. Dig. § 340.*]

2. EXECUTORS AND ADMINISTRATORS (§ 388*) —SALES UNDER ORDER OF COURT—CONCLUSIVENESS OF PROCEEDINGS.

If the court has jurisdiction of the succession, the purchaser of property at a succession sale is not bound to look beyond the order of court for the sale of the property.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

3. EXECUTORS AND ADMINISTRATORS (§ 388*) —SALES UNDER ORDER OF COURT—VALIDITY.

As the property was sold to pay debts, the purchaser cannot plead the invalidity of the will, as the interest of the heirs is merely residuary, and can be ascertained only after the debts have been paid, so that the purchaser can be hurt in no way by taking the property and is fully protected by the order of court for its sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

4. EXECUTORS AND ADMINISTRATORS (§ 368*) —SALES UNDER ORDER OF COURT—TERMS— INTEREST.

The terms of sale did not provide for the making of notes with a specified rate of interest, and therefore only 5 per cent. can be allowed on the purchase price.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1507–1515; Dec. Dig. § 368.*]

5. SUCCESSION SALES — RIGHT TO RECOVER RENT.

The facts are not sufficient to sustain the claim of the defendant for rent of the property since the sale, and the claim must therefore be dismissed.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of John Balovich. From a judgment in a proceeding by rule against the representative of the adjudicatee, an appeal is taken. Amended and affirmed.

P. M. Milner, for appellant. W. Alexander Bahns, for appellee.

BREAUX, C. J. Plaintiff proceeded by rule against the representative of the adjudicatee (the adjudicatee having departed this life since the adjudication) to compel him to accept title to the property adjudicated to him at a succession sale.

John Balovich was married twice, there were no children of either marriage. His second wife survives him, and she was appointed executrix under the will. She was

also made the universal legatee of the testator.

An inventory of the property was duly taken and homologated. The assets, consisting of movable property and a piece of real estate, subject—it was mentioned in the inventory—to a mortgage of $2,000, were inventoried. On application of the executrix, the district court ordered the realty of the succession to be sold, it is alleged (and the decree of the court confirms the allegation), for the purpose of settling the debts of the succession.

At the public auction, the late N. Frey became the adjudicatee for the price of $5,075. He declined to accept title, and urged his reasons why he did not choose to accept title. These reasons were, in the main: That the proceedings were not regular and were generally defective and illegal; that there was no proof that the testator had not left other heirs than those named in the proceedings.

According to the inventory, the movable property was appraised at $1,274.36; the immovable property, at $3,500. In the first item, consisting partly of cash, there were $700 claimed by Luke Urljerich as his in deposit, and, as such, it was returned to him by order of the court. It had been carried on the inventory as a deposit. The inventory was approved and homologated. The will was probated, and the executrix qualified. The executrix filed a list of debts sworn to by her, in which it appears that they amounted to $3,637.50. She petitioned the court for an order to sell the property in order to realize sufficient funds to pay the debts and charges. The court issued an order to sell the property at public auction, one-half or over cash and the remainder payable on time. The movable property was accordingly sold and brought at public auction the sum of $5,075.

In answer to the petition of plaintiff, defendant's pleas are: That all the proceedings are null. That there is no evidence in the succession proceedings that defendant left no ascendants or descendants. That the will contains a fidei. commissum, a reprobated, prohibited substitution. That the defendant is informed that the deceased left a brother who could successfully attack the will. In the will it is mentioned (and that is urged as the fidei commissum) that, at the death of the executrix, property should go to two nephews of the testator named in the will.

On the trial, plaintiff offered the order of the court under which the property was sold, to which counsel for defendant objected on the ground that there was no evidence of the indebtedness of the succession; that the holder of the $2,000 note was not named; and that the claim of the executrix personally was improperly included as an item of indebtedness of the estate by reason of the fact that she is named the universal legatee under the will. The evidence was admitted; the court holding that the objection went to the effect. The executrix also offered her oath to the list of indebtedness, to which defendant objected on the ground that the executrix should be a witness in person so as to allow the counsel to cross-examine her. The court ruled that this objection also related to the effect. Counsel for plaintiff also offered the act of sale and the tender and waiver to the deed tendering title, to which defendant's counsel objected on the ground that the waiver to this deed was not signed by the defendant. This objection also was overruled on the ground that it went to the effect only.

Plaintiff had the mortgage canceled after the sale had been made, and also all privileges on the property.

Relating to the settlement of the succession: It will be here stated that plaintiff made an application to the recorder, after the sale had been made, to cancel the mort-

gage of $2,000, above mentioned, on the property. This became necessary in order to give a clear and valid title to the purchaser.

There was a trial. The recorder was represented by counsel, and, after hearing, the court decided that the mortgage should be canceled and all claims, and that the parties, creditors, should look to the proceeds for their payment. This seems to have been all in regular form, and nothing suggests any improper or irregular act on the part of any one in so far as canceling this mortgage and the privileges on this property; that is, in so far as related to the mortgage and the privileges before mentioned.

[2] The property was sold on application of the regularly qualified executrix for the purpose of paying the debts of the succession. The court had jurisdiction beyond all question, and rendered judgment after having considered the necessity of the sale. The parties in interest, as heirs, before the payment of the debts had a residuary interest, and, in order to ascertain the amount of this interest, a sale was necessary, to which no one objected. Now that the property has been sold, the purchaser is not bound to look beyond the order of the court. The decisions upon the subject are numerous. It is the well-settled jurisprudence.

[1] The executrix applied for the sale of the property, and to her application annexed a list of debts aggregating the sum of $3,637.50. This is the usual formality, and, unless it is made to appear that there is error, the sale will not be recalled on the ground that the evidence should have been more specific before the court signed the order to sell the property. There was prima facie proof, and for that reason the matter remains with the district court, upon whose judgment and discretion in such matters much reliance is placed.

[4] We have noted that the price was $5,-075, one-half or over cash; the credit portion to bear 8 per cent. interest per annum from the adjudication. It was optional with the adjudicatee to pay all or a portion of the price. From that point of view, there was no specific agreement as relates to the credit portion. It may be that he owed the whole cash, or a portion only. The default in payment gives rise to a claim for 5 per cent., and not 8 per cent. as claimed by plaintiff, as it is not certain that there was any agreement to sign notes bearing 8 per cent. interest.

The balance is due with 5 per cent. interest.

The judgment will have to be amended.

[5] Now, as relates to the rent of the property during the pending of the suit: The facts do not sustain the claim of defendant.

It is therefore ordered, adjudged, and decreed that the judgment be amended by reducing the interest allowed at 8 per cent. to 5 per cent. As amended, the judgment is affirmed. Costs of appeal to be paid by appellee.